UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                              Chapter 13
                                                    Case No.:  10-31579
**ANDREW SCOTT VINSON**

    **Debtor**

**MOTION FOR SANCTIONS FOR VIOLATION OF
THE AUTOMATIC STAY (11 U.S.C. SECTION 362) AND
DISCHARGE INJUNCTION (11 U.S.C. SECTION 524)
(CitiMortgage, Inc.)**

Debtor, by and through undersigned counsel, moves the Court for the imposition of appropriate sanctions against CitiMortgage, Inc. (hereafter "Citi") for violation of the Automatic Stay of 11 U.S.C. 362 and Discharge Injunction of 11 U.S.C. 524.  In support of this motion, Debtor shows the Court as follows:

1. This is a Chapter 13 proceeding filed by Andrew Scott Vinson (hereafter "Debtor") on June 3, 2010.

2. A debt allegedly owed by the Debtor to Citi was included in Debtor's Bankruptcy Petition, Schedule D – Creditors Holding Secured Claims. Notice of the Debtor's bankruptcy was provided to Citi, as set forth in Schedule D as follows: CitiMortgage P.O. Box 9438, Gaithersburg, MD 20898-9438.  Debtor's Schedule D is attached hereto as Exhibit A and incorporated by reference.

3. The debt owed to Citi arose when Debtor signed a Promissory Note and Deed of Trust for real property located at 4208 Firethorne Road, Charlotte, North Carolina.  The real property in question is owned by the Debtor.

4. Upon information and belief, it is therefore alleged, that Citi had actual knowledge of the Debtor's Chapter 13 bankruptcy and actual knowledge of the language contained in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, issued on June 18, 2010, which contained the following warning:

> "If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

A copy of said Notice is attached hereto as Exhibit B and incorporated herein by reference.

5. The Debtor's Chapter 13 plan was filed on June 3, 2010, amended on July 19, 2010, and confirmed on August 6, 2010. The Debtor's Plan provided that the Note owed to Citi would be brought current. A copy of the Debtor's Plan and Amended Plan are attached hereto as Exhibit C & D respectively and copy of the Order Confirming the Plan is attached hereto as Exhibit E and incorporated by reference.

6. Debtor received his Discharge on July 28, 2015 and his case was closed on October 8, 2015. A copy of the Discharge is attached hereto as Exhibit F and incorporated by reference.

7. The Trustee filed a Motion to Deem Current or Paid in Full (hereafter "Motion") on July 31, 2015 which was granted on September 25, 2015. A copy of the Motion is attached hereto as Exhibit G and incorporated by reference.

8. Debtor filed a response (hereafter "Debtors Response") to Trustee's Motion, detailing the current status of Citi's claim. A copy of the Debtors Response is attached hereto as Exhibit H and incorporated by reference.

9. Although the time within which to file a response or objection to Trustee's Motion had passed on August 14, 2015, Citi filed a response (hereafter "Citi's Response") on August 20, 2015. Citi's Response agreed that Debtor had paid the amount required to cure the default on Citi's claim in full and that Debtor is current. A copy of Citi's Response is attached hereto as Exhibit I and incorporated by reference.

10. Despite Trustee's Motion, the Court's subsequent Order and Citi's Response, Citi continues to list a past due amount, as evidenced by two statements dated August 5, 2015 and September 4, 2015 (hereafter "Statements"). A copy of the Statements are attached hereto as Exhibits J and K respectively and incorporated by reference.

11. Debtor further received two additional letters from Citi, dated August 10, 2015 and August 19, 2015, demanding payment and notifying Debtor of a $246.54 late charge that had been applied to his account. The letters are attached hereto as Exhibits L and M respectively and incorporated by reference.

12. In response to the Statement and additional mailings, Debtor informed undersigned counsel that Citi had made collection efforts via telephone on its alleged past due amount. Debtor was instructed to keep diary of attempted collection efforts by Citi.

13. Debtor received telephone calls regarding past due amount on August 6, 7, 15, 17, 18, 20, 25 (twice), 26, 28, and 29, 2015.

14. As shown by Statement labeled Exhibit K, Debtor's account was charged $246.54 in late charges.

15. After Debtor informed Citi, during aforementioned telephone calls, not to apply "Partial Payment (Unapplied)" (hereafter "Unapplied Funds") towards late charges, Citi continued to disregard the Debtor's request and applied $246.54 of remaining Unapplied Funds towards the late charges.

16. As shown by Statement labeled Exhibit J, Citi accumulated Trustee disbursements between 7/7/2011 and 10/10/2012, but did not apply those funds until July 2015, likely resulting in Unapplied Funds, unnecessary interest, and costs.

17. Additionally, Statement labeled Exhibit J shows Citi charged Debtor's account $297.00 in twenty-two "Inspection Fee[s]", did not account for thirty Trustee conduit payments totaling $29,692.85, and did not account for thirty-five Trustee arrearage payments totaling $5,218.42.

18. In order to determine if correct application of Trustee disbursement had been made undersigned counsel, with Power of Attorney, sent a Request for Information (hereafter "RFI") to Citi on August 10, 2015, requesting information related to Debtors mortgage loan pursuant to 12 U.S.C. § 1024.36 (Reg. X). A copy of the Request for Information is attached hereto as Exhibit N and incorporated by reference.

19. No acknowledgement of receipt nor response to information request required under 1024.36 (c) and (d) respectively has been received on account of the RFI.

20. As a result, Debtor's account status with Citi continues to be labeled as containing a past due amount owing and likely contains accounting errors due to misapplication of Trustee disbursements.

21. The continuing inaccurate account status and collection efforts by Citi constitutes a violation of the Automatic Stay (11 U.S.C. § 362) as to any amounts alleged to be owed as of July 25, 2015 and a Violation of the Discharge Injunction 11 U.S.C. § 542) thereafter.

22. Because Citi is and was noticed of the bankruptcy on multiple occasions, the failure to take the necessary steps to accurately reflect the account status of the Debtor constitutes an intentional and willful

violation of the Automatic Stay and/or Discharge Injunction, entitling the Debtor to compensatory damages, punitive damages, and the payment of attorneys fees.

WHEREFORE, the Debtor pray the Court:

1. The Court determine that the action of Citi constitutes a willful violation of the Automatic Stay of 11 U.S.C. § 362;

2. The Court conduct a hearing to determine appropriate sanctions including compensatory damages, punitive damages, and the imposition of attorneys fees;

3. The Court order that Citi update and amend the Debtor's account to accurately reflect the Debtor's status as current.

4. The Court order that Citi not to engage in any further violations of 11 U.S.C. §362; and

5. That the Court order such other and further relief to the Debtor as is just and proper.

Dated: January 28, 2016         _____/s/_____
                                David R. Badger
                                Ross J. Bromberger
                                Attorney for Debtor
                                N.C. Bar No.: 156
                                N.C. Bar No.: 47599
                                David R. Badger, P.A.
                                2108 South Boulevard
                                Suite 118, Atherton Lofts
                                Charlotte, North Carolina 28203
                                Telephone:  704.375.8875

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                                Chapter 13
                                                      Case No.:  10-31579
**ANDREW SCOTT VINSON,**

       **Debtor**

### NOTICE OF FILING OF PLEADING

The attached pleading has been filed with the court.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to contact one.)

If you do not want the court to grant the relief sought in the pleading, or if you want the court to consider your views on the pleading, then on or before the date shown on the Notice of Hearing enclosed, you or your attorney must:

1. File with the court a written response or request a hearing explaining your position at:

    U.S. Bankruptcy Clerk of Court
    Charlotte Division
    Charles Jonas Federal Building
    401 West Trade Street, Room 111
    Charlotte, North Carolina 28202

2. If you mail your request and/or response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated for response in the Notice of Hearing;

3. You must also mail a copy to:

    David R. Badger
    David R. Badger, P.A.
    2108 South Boulevard
    Suite 118 Atherton Lofts
    Charlotte, NC 28203

And other interested parties as shown on the enclosed Certificate of Service.

4.   Attend the hearing scheduled in the attached Notice of Hearing;

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.

Dated: January 28, 2016

    /s/
David R. Badger
Ross J. Bromberger
Attorney for the Debtor
N.C. State Bar #: 156
N.C. State Bar #: 47599
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, NC 28203
Telephone: (704) 375-8875
Facsimile: (704) 375-8835

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | Chapter 13 |
| | Case No.:  10-31579 |
| **ANDREW SCOTT VINSON,** | |
| **Debtor** | |

## NOTICE OF HEARING

TAKE NOTICE that the above-named Debtor has filed the attached Motion for Sanctions in this bankruptcy proceeding.

TAKE FURTHER NOTICE that a hearing to consider said Motion will be held before the United States Bankruptcy Judge on **February 23, 2016, at 2:00 p.m.** in the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina. All interested parties may attend and be heard.

Dated: January 28, 2016

_____/s/_____
David R. Badger
Ross J. Bromberger
Attorney for the Debtor
N.C. State Bar #: 156
N.C. State Bar #: 47599
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, NC 28203
Telephone: (704) 375-8875
Facsimile: (704) 375-8835

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:                                          Chapter 13
                                               Case No.:  10-31579

**ANDREW SCOTT VINSON,**

         **Debtor**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has this date served a copy of the **Motion for Sanctions, Notice of Filing of Pleading, and Notice of Hearing** upon all parties listed below by US Regular Mail and US CERTIFIED Mail RETURN RECEIPT REQUESTED:

Andrew Scott Vinson
4208 Firethorne Road
Charlotte, North Carolina 28205

The undersigned further certifies that he has this date served a copy of the foregoing documents on all parties listed below by electronic case filing:

Bankruptcy Administrator
Linda Simpson

Warren Tadlock
Chapter 13 Trustee

The undersigned further certifies that he has this date served a copy of the foregoing documents on all parties listed below by US Regular Mail and US CERTIFIED Mail RETURN RECEIPT REQUESTED:

| | |
|---|---|
| CitiMortgage, Inc.<br>P.O. Box 6040<br>Sioux Falls, SD 57117 | CitiMortgage, Inc.<br>1000 Technology Drive<br>O'Fallon, MO 63368 |
| CitiMortgage, Inc.<br>P.O. Box 140609<br>Irving, TX 75014 | CitiMortgage, Inc.<br>P.O. Box 688971<br>Des Moines, IA 50368 |

| Shapiro & Ingle, LLP<br>8520 Cliff Cameron Drive, Suite 300<br>Charlotte, NC 28269 | CitiMortgage, Inc.<br>P.O. Box 6030<br>Sioux Falls, SD 57117-6030 |
|---|---|
| CitiMortgage, Inc.<br>P.O. Box 6941<br>The Lakes, NV 88901-6941 | CitiMortgage, Inc.<br>P.O. Box 140609<br>Irving, TX 75019-0609 |
| Citimortgage, Inc.<br>c/o CT Corporation System<br>150 Fayetteville Street, Box 1011<br>Raleigh, NC 27601 | Citimortgage, Inc.<br>Attn: Sanjiv Das, President<br>1000 Technology Drive<br>O'Fallon, MO 63368 |

Dated: January 28, 2016

_____/s/_____
David R. Badger
Ross J. Bromberger
Attorney for the Debtor
N.C. State Bar #: 156
N.C. State Bar #: 47599
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, NC 28203
Telephone: (704) 375-8875
Facsimile: (704) 375-8835